```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
```

AKEEM R. GUMBS,                   )
                                  )
         Plaintiff,               )
                                  )
         v.                       )   Civil No. 2016-30
                                  )
LOUIS PENN, JR.,                  )
                                  )
         Defendant.               )
                                  )
                                  )
_____  )


**ATTORNEYS:**

**Akeem R. Gumbs**
Fort Dix, NJ
    *Pro se.*

**Joycelyn Hewlett, Acting United States Attorney**
**Anthony Scarpelli, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For Louis Penn, Jr.*


<u>**MEMORANDUM OPINION**</u>


**GÓMEZ, J.**

   Before the Court is the motion of Akeem R. Gumbs for leave to proceed *in forma pauperis*.

*Gumbs v. Penn*
Civil No. 2016-30
Memorandum Opinion
Page 2

## I.    FACTUAL AND PROCEDURAL HISTORY

On June 2, 2011, Akeem R. Gumbs ("Gumbs") was convicted by a jury of several counts of production and possession of child pornography and aggravated rape. On September 6, 2012, the Court sentenced Gumbs to a term of 420 months for the child pornography charges and a term of 20 years for the aggravated rape charges to be served concurrently.

Gumbs appealed his conviction. On March 28, 2014, the Third Circuit affirmed the Court's judgment. Thereafter, on January 15, 2015, Gumbs filed a motion to vacate his sentence under 28 U.S.C. § 2255 on January 15, 2015. The Court denied Gumbs's motion to vacate on February 18, 2017.

On April 19, 2016, Gumbs filed the instant complaint, which alleges that Luis Penn, Jr. ("Penn") violated 42 U.S.C. § 1983. In his complaint, Gumbs alleges that "attachment A of the warrant application for [Gumbs]'s home . . . violate[d] [Gumbs's] Sixth Amendment right to be informed of the nature and cause of the accusation." *Compl.*, ECF No. 1 at 3.

Subsequently, on May 25, 2016, Gumbs filed a motion for leave to proceed *in forma pauperis*. Gumbs's Form VI-AO 240-2255 indicates that he is currently confined in FCI Fort Dix. Gumbs asserts that, in the previous twelve months, he had received $20 from "family/friends" and "expect[ed] about $15[] in the

*Gumbs v. Penn*
Civil No. 2016-30
Memorandum Opinion
Page 3

future." *See* ECF No. 7 at 1. Gumbs further asserts that he had no other money or resources with monetary value. A certified copy of Gumbs's institutional account statement showed that (1) Gumbs's average monthly account balance was $0.98; and (2) the average monthly deposit in Gumbs's account over the previous six months was $31.94.

## II.   DISCUSSION

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915 ("Section 1915"). Section 1915(a)(1) provides that

> any court of the United States may authorize the commencement . . . of any [civil] suit . . . , without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). Section 1915 further provides that prisoners seeking to proceed *in forma pauperis* must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Section 1915 also provides that "the court shall dismiss the [*in forma pauperis*] case at any time if the court determines that . . . the action . . . fails to state a claim on which

relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Thus, "[a] federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if 'the action . . . fails to state a claim upon which relief may be granted.'" *Warner v. Pennsylvania*, 569 Fed. App'x 70, 72 (3d Cir. 2014) (quoting *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also In re Clark*, 632 Fed. App'x 62, 63 (3d Cir. 2016) (discussing Section 1915's "grant of authority to the District Court to dismiss a complaint at any time, if proper under [Section] 1915(e)(2)(B)").

Similarly, "[f]or prisoners seeking relief from 'a government entity or its officer or employee,' [Prison Litigation Reform Act] § 805(a), codified at 28 U.S.C. § 1915A, provides a screening process to separate cognizable claims from those lacking merit." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002) (quoting 28 U.S.C. § 1915A). Under 28 U.S.C. § 1915A's screening process, a court must "dismiss [a prisoner's] complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal

*Gumbs v. Penn*
Civil No. 2016-30
Memorandum Opinion
Page 5

Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). Likewise, the legal standard applied to dismissals under 28 U.S.C. § 1915A(b)(1) is the same as dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Malcomb v. McKean*, 535 Fed. App'x 184, 186 (3d Cir. 2013) ("We exercise plenary review over a District Court's dismissal pursuant to 28 U.S.C. § 1915A for failure to state a claim and apply the same standards as we would when reviewing a dismissal pursuant to Rule 12(b)(6).").

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement of relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[1]:

---

[1] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. ANALYSIS

The Court finds that Gumbs has adequately demonstrated his inability to pay the required court costs. The Court next considers whether his complaint states a claim under 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (U.S. 1988).

The application for a warrant to search Gumbs's home asserted that there was probable cause to believe that Gumbs had produced child pornography and that there would be evidence of that crime in his home. The warrant application did not include the date that the production of child pornography was alleged to have occurred. Gumbs argues that the absence of a date for the

alleged crimes in the search warrant violated his Sixth Amendment rights.

The Sixth Amendment applies only to "criminal prosecutions." *See* U.S. Const. amend VI. A criminal prosecution does not begin until "a criminal defendant's initial appearance before a judicial officer." See *Rothgery v. Gillespie Cnty*, 554 U.S. 191, 212 (2008). Accordingly, nothing in the search warrant could have violated Gumbs's Sixth Amendment rights. *See Burchett v. Kiefer*, 310 F.3d 937, 946-47 (6th Cir. 2002) ("Although Burchett does not expand on this claim, presumably he is suggesting that officers violated his Sixth Amendment rights by refusing to identify any specific charges against him during his three-hour detention. However, the facts that Burchett alleges do not amount to a constitutional violation, as the Sixth Amendment applies only to 'criminal prosecutions,' and no such prosecution had begun." (quoting U.S. Const. amend. VI)). Because Gumbs has failed to state a claim that his Sixth Amendment rights were violated, the Court will dismiss his complaint.

**IV. CONCLUSION**

When a complaint is dismissed for failure to state a claim, "the court must inform the plaintiff that he has leave to amend

within a set period of time, unless amendment would be inequitable or futile." *Grayson*, 293 F.3d at 108.

On January 15, 2015, Gumbs filed a *habeas corpus* petition in his underlying criminal case. *See United States v. Gumbs*, No. CR 2011-21, 2017 WL 665191, at *1 (D.V.I. Feb. 18, 2017). In that petition, similar to here, Gumbs argued that Gumbs's counsel during his criminal proceedings was constitutionally ineffective by failing to argue that the absence of a date for crimes alleged in the search warrant violated his Sixth Amendment rights. *See id.* at *4. The Court denied relief on that ground for the same reasons it dismisses his complaint here. *See id.*

Gumbs also raised several other arguments alleging deficiencies in the search warrant in his *habeas* petition. These arguments included that the search warrant for his home lacked probable cause because it did not indicate the date of the alleged crimes; that the search warrant was constitutionally deficient because it was not limited in scope; and that the use of Gumbs's driver's license was insufficient to establish probable cause that Gumbs lived at the residence that was searched. *See id.* at *1. The Court held that each of these arguments lacked merit. *See id.* at *2-4. The Court perceives no other way in which the search warrant at issue here violated a

*Gumbs v. Penn*
Civil No. 2016-30
Memorandum Opinion
Page 10

right secured by the Constitution and laws of the United States. Accordingly, the Court finds that granting Gumbs leave to amend his complaint would be futile.

 An appropriate judgment follows.

           S\_____
            **Curtis V. Gomez**
            **District Judge**